## Howard et al. v. Caudill et al.

(Decided March 12, 1929.)

A. F. BYRD for appellants.

O. H. POLLARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Ellen Howard, widow of Noah Howard, deceased, brought this action against J. L. Caudill, sheriff of Breathitt county, and the United States Fidelity & Guar-

anty Company, surety on his bond, to recover damages for the death of her husband. During the progress of the action Caudill died, and the cause was revived in the name of his administratrix. A demurrer was sustained to the petition as amended, and the petition was dismissed. Plaintiff appeals.

The original action was brought by Ellen Howard, suing by her next friend, Morgan Shepherd. The facts pleaded in the original petition are these: J. L. Caudill was sheriff of Breathitt county. The United States Fidelity & Guaranty Company was surety on his bond, conditioned that he would faithfully perform the duties of his office. James Deaton, Henry White, and A. C. Carpenter were deputy sheriffs of Breathitt county, under appointment of J. L. Caudill, approved by order of the Breathitt county court. On February 14, 1923, the said James Deaton, Henry White, and A. C. Carpenter, while acting as deputy sheriffs, attempted to arrest Noah Howard on a charge of operating a moonshine still, which was only a misdemeanor, and which offense was committed in their presence. Before the deputy sheriffs, or any one of them, had taken Howard into custody, they then and there unlawfully, willfully, maliciously, and without right, and not in their self-defense, or apparently necessary self-defense, assaulted, shot, and wounded the said Howard with a pistol, from which shooting and wounding he died on March 4, 1923. Each of the said deputy sheriffs did said assaulting, shooting, and wounding, and each of them was present and conveniently near, and aided, abetted, advised, counseled, and encouraged the others to do said shooting and wounding. Said Howard was not then or there resisting said deputy sheriffs to such an extent as to place them, or either of them, in danger of loss of life, or great bodily harm, or resisting them at all, and said assault, shooting, and wounding was cruel and unnecessary. By reason of said assault, shooting, and wounding, plaintiff was damaged in the sum of $20,000.

In her amended petition, plaintiff alleged that since the filing of the original petition she had arrived of age, and had the legal capacity to sue without the intervention of Morgan Shepherd as next friend. She then reiterated the averments of the original petition, and pleaded the following facts: At the time of the killing of her husband the said Deaton, White, and Carpenter were acting as deputy sheriffs of Breathitt county for the defendant,

J. L. Caudill, sheriff, and in attempting to make the said arrest were acting within the scope of their duty as deputy sheriffs, but that they used more force than was necessary or authorized by law to effect the arrest. Prior to the wounding said Deaton, White, and Carpenter had never placed Noah Howard under arrest, or had him in custody, but the said Howard ran from the officers to prevent being arrested, and while he was so running, and at a time when he was not doing anything, the said Deaton White, and Carpenter, without legal right or authority of law, shot, wounded, and killed him, as set out in the original petition.

Section 241 of the Constitution is as follows: ''Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The general assembly may procide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person.''

Pursuant to the above provision the General Assembly enacted sections 4 and 6, Kentucky Statutes, and section 4 is as follows: ''The widow and minor child, or either or both of them, of a person killed by the careless, wanton or malicious use of firearms, or by any weapon popularly known as colts, brass knuckles, or slung shots, or other deadly weapons, or sand-bag or any imitation or substitute therefor, not in self-defense, may have an action against the person who committed the killing, and all others aiding or promoting, or any one or more of them; and in such actions the jury may give vindictive damages.''

With the exception of that part providing how the recovery shall be distributed, section 6 is as follows: ''Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same, and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted

by the personal representative of the deceased. The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney fees as are not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order, viz.''

Whether, if this suit had been brought by the personal representative of Noah Howard, the facts pleaded would be sufficient to show liability on the part of the sheriff and his surety for the acts of his deputies, in view of the rule announced in Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795, L. R. A. 1915E, 172; Taylor v. Shields, 183 Ky. 669, 210 S. W. 168, 3 A. L. R. 1619, and Fidelity & Casualty Co. v. White, 209 Ky. 402, 272 S. W. 902, it is unnecessary to determine. The suit is by the widow of Noah Howard, and, as the common law allowed no recovery, the right to maintain the action must be found in legislative enactment. Louisville & N. R. Co. v. McElwain, 98 Ky. 700, 34 S. W. 236, 18 Ky. Law Rep. 379, 34 L. R. A. 788, 56 Am. St. Rep. 385. The only statute authorizing a recovery by a widow for the death of her husband, caused by the careless, wanton, or malicious use of firearms, is section 4, supra. By its terms the right of action is limited to ''the person who committed the killing, and all others aiding, . . . . or any one or more of them.'' It is not charged in the petition as amended that the sheriff and his surety committed the killing, or that they in any way aided and abetted the deputy sheriffs.

It is clear that the facts pleaded with respect to the sheriff and his surety are not sufficient to bring the case within the statute, unless, as claimed by counsel for appellant, section 4141, Kentucky Statutes, is controlling. That section is as follows: ''The sheriff or collector may, with the approval of the county court, appoint one or more deputies, and take bond to himself for the faithful discharge of the duties of such deputies; but in all cases the sheriff shall be liable on his bond or bonds for any misconduct or fault of such deputies; any deputy may be removed at any time by the sheriff.''

While this statute makes a sheriff and his surety liable for certain acts of his deputies, it is not broad enough, we think, to make the deputy the agent of the sheriff in the sense that, when he maliciously kills another, the sheriff is ''the person who committed the killing.'' Being of the opinion that the petition as amended

did not state a cause of action in favor of appellant, as the widow of Noah Howard, it follows that the demurrer thereto was properly sustained.

Judgment affirmed.