## Casey v. Fidelity & Casualty Co. of New York.

May 16, 1939.

J. E. CHILDERS for appellant.

ANDREW E. AUXIER and JERRY A. HOGAN for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, Cora Casey, suing in her own right, and as next friend for her infant children, Irene and Doris, ages 12 and 9 respectively, is appealing from a judgment sustaining a special demurrer of the appellee, the Fidelity & Casualty Company of New York, to her petition and dismissing the petition as to it. The appellant filed an action against Monroe DeBoard, deputy sheriff of Pike County, Kentucky, under G. C. Rowe, sheriff, and the appellee, surety on the bond of DeBoard, seeking to recover damages growing out of the shooting and killing of Butler Casey, her husband, and father of the infant children, Irene and Doris. It was alleged that Butler Casey was shot and killed by DeBoard as he was attempting to arrest Casey on a charge of being drunk in a public place in the presence of DeBoard. Neither the sheriff, G. C. Rowe, nor the surety on his bond, were made parties to the action.

The order sustaining the special demurrer set out that the bond executed by DeBoard to Rowe, sheriff, with the appellee as surety was an indemnifying bond to and for the sole and exclusive benefit of Rowe as principal sheriff, and that the appellant and her infant children were strangers to it and were not in privity with said bond and had no right to maintain the action. The appellant was granted, and is prosecuting herein, an appeal from that order.

She contends that she had no right to prosecute an action against the sheriff of Pike county, Kentucky, or his bondsman, for the acts of his deputy, unless he was present and aided, encouraged or advised the acts complained of, because of our ruling in the case of Howard

v. Caudill, 228 Ky. 403, 15 S. W. (2d) 245. In urging reversal she insists, however, that even though the bond was executed to Rowe by DeBoard, any person injured by the wrongful acts of a deputy sheriff has a legal right to sue on his bond and to recover against the surety thereon.

Section 4556 of the Statutes sets out the bond form for a sheriff. The prescribed form expressly provides that the sheriff by himself and his deputies shall well and truly discharge all of the duties of the office of sheriff. There is no provision of the statutes which makes it mandatory for a deputy sheriff to execute a bond to the principal sheriff. It is provided in Section 4141, however that:

"The sheriff or collector may, with the approval of the county court, appoint one or more deputies, and take bond to himself for the faithful discharge of the duties of such deputies; but in all cases the sheriff shall be liable on his bond or bonds for any misconduct or fault of such deputies; any deputy may be removed at any time by the sheriff."

Section 4141 is a part of Chapter 22, Acts 1906. The title to this Act is: "An Act relating to Revenue and Taxation."

The quoted part of the Act (Section 4141) is Section 13 of Article VIII. This Article relates to the collection of all state, county and district taxes by the sheriff except those expressly directed to be paid to some other officer. Section 9 of Article I of Chapter 22, Acts 1906, Section 4027 of the Statutes, provides that:

"The bonds of all officers mentioned in this chapter shall bind them and their sureties for the faithful performance of their duties (and for all moneys which shall come to their hands by virtue or color of their offices), and the strict accounting of all moneys due by them to the state (or other taxing districts), and for the correctness of all amounts claimed and collected by them as commissions or compensations for their services)."

It is obvious from the foregoing references to Chapter 22 of the Acts of 1906 that the purpose of Section 4141 was to authorize the sheriff to require bond of his deputies in the collection of revenues, if he cared to do so. The bond provided in Section 4141, therefore, does

not come within the purview of Sections 3751 and 3752 of the Statutes.

Section 3751 provides:

"The obligation required by law for the discharge or performance of any public or fiducial office, trust or employment, shall be a covenant to the Commonwealth of Kentucky from the person and his sureties that the principal shall faithfully discharge the duties of the office, trust or employment, but a bond or obligation taken in any other form shall be binding on the parties thereto according to its terms."

Section 3752 provides for the bringing of an action on the covenant of a bond. These two sections, however, relate to bond obligations which are required by law for the discharge of a public office or trust. They do not relate to the bond which the sheriff may require of his deputy as provided in Section 4141.

Section 4 of the Statutes provides:

"The widow and minor child, or either or both of them, of a person killed by the careless, wanton or malicious use of firearms, or by any weapon popularly known as colts, brass knuckles, or slung-shots, or other deadly weapon, or sand-bag or any imitation or substitute therefor, not in self-defense, may have an action against the person who committed the killing, and all others aiding or promoting, or any one or more of them; and in such actions the jury may give vindictive damages."

As pointed out above, the appellant could not have maintained an action against the sheriff and his bondsman under this section unless they were present and aided and abetted in the offense complained of. In other words, the action provided in Section 4 may be maintained only against the person who committed the offense and those others who aided or promoted in its commission.

In the Howard case, supra, the widow of the deceased brought an action against the sheriff of Breathitt county and the surety on his bond to recover damages for Howard's death. Three of the sheriff's deputies had shot Howard in an attempt to arrest him. After pointing out that it was not necessary to decide whether or not the action could have been maintained by the personal representative of Noah Howard under Section 6

of the Statutes, and that it was not charged in the petition as amended that the sheriff and his surety committed the killing, or that they in any way aided or abetted the deputy sheriffs, it was said in reference to the application of Section 4141 that [228 Ky. 403, 15 S. W. (2d) 246]:

"While this statute makes a sheriff and his surety liable for certain acts of his deputies, it is not broad enough, we think, to make the deputy the agent of the sheriff in the sense that, when he maliciously kills another, the sheriff is 'the person who committed the killing.' "

We have already pointed out that the acts of the deputies referred to in Section 4141 relate to the collection and handling of revenues and obviously, as pointed out by the Court in the Howard case, the wording of that section was not intended to make the deputy the agent of the sheriff in the sense that, when the deputy maliciously kills another, the sheriff is "the person who committed the killing."

Judgment affirmed.