Australia HICKS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Feb. 18, 1977.

Rehearing Denied June 10, 1977.

Jack Emory Farley, Public Defender, Allen W. Holbrook, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Burrell Frank Radmacher, III, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

Australia Hicks appeals from a judgment entered on a jury verdict finding him guilty of first-degree robbery and fixing his punishment at ten years' imprisonment.

Hicks is a rather well-known female impersonator. He apparently plied the trade of enticing people, his customers, to engage in sexual misconduct with him. On August 16, 1975, he agreed to engage in a sexual act with Curtis Trent and in furtherance of that act took him to a room over the Soul Lounge. An argument developed over an increase in the amount Trent was to pay, and Trent, becoming apprehensive of the intentions of Hicks, started to leave. Hicks then pulled out a pistol, put it to Trent's head, and told him to leave all of his money or he would shoot him. Trent complied with Hicks' demands and handed him approximately $190. A short time later Hicks was picked up by the police and charged with the crime. He denied using the pistol or even robbing Trent and sought to place the blame on a female who was not identified until Hicks testified at the trial.

Upon appeal Hicks asserts that the court committed reversible error by depriving him due process of law in directing a verdict against him on one element of the defense. Basically, this error consisted of the refusal of the court to submit to the jury the question of whether a pistol was a deadly weapon. The indictment returned by the Fayette County Grand Jury charged that Hicks committed the offense of first-degree robbery by threatening the use of physical force "while armed with a pistol." There was no evidence that the instrument alleged to have been used was anything other than a pistol, which by statutory definition is a deadly weapon. It should never be necessary in the instructions to define the words, "deadly weapon." Whether the particular instrument is or is not a deadly weapon should be determined by the court as a matter of law. A pistol is defined as a deadly weapon under KRS 500.080(4), and the extent to which a pistol may be considered a deadly weapon is discussed in *Merritt v. Commonwealth*, Ky., 386 S.W.2d 727 (1965). The commentary to the Penal Code indicates that this decision was not to be affected by the provisions of the chapter in defining robbery in its different degrees.

In *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1976), this court followed the rule of *Merritt* and held that a pistol was a deadly weapon as a matter of law. Consequently, this was not an issue to be considered by the jury.

Hicks also complains of the court's refusal to instruct on second-degree robbery. Any instruction given by the court requires a minimum of supporting evidence at the very best. Hicks vehemently denied participating in the robbery or using the pistol under any of the circumstances detailed in the evidence. With his denying the robbery, he strips the record of any evidence which might support the giving of an instruction on robbery in the second degree.

Finally, Hicks complains that "it was clearly erroneous and an abuse of discretion for the trial judge to refuse to grant a continuance when appellant's trial counsel was appointed during voir dire." The issue, as stated, incorrectly outlines the issue argued by Hicks. It might be well to remember at this point that Hicks did not request a continuance of the trial because of what

happened. The truth of the matter is Hicks' counsel was not appointed during the voir dire. The court had appointed the Office of Public Defender to represent Hicks upon his arraignment. Before the case came on for trial, two or three attorneys had represented Hicks in other phases arising out of his misconduct, pending trial. However, he had been represented by counsel at all times, and the record clearly discloses that he absolutely refused to cooperate with any of his counsel. On the day of the trial, counsel then representing him caused to be placed in this record a statement to that effect. After the parties had all announced ready and the voir dire examination of the jury was nearly completed, Hicks informed the court that he wanted another lawyer because the one he had would not fairly represent him. The court, after considering Hicks' statement, refused to substitute counsel but rather accepted further representation for Hicks by permitting the Honorable Robert H. Jackson of the Public Defender's Office to assist appointed counsel. This court has examined the record of the trial and is of the opinion that Hicks was more than adequately represented by counsel, and for the reasons set out herein there is no merit in this asserted error.

The judgment is affirmed.

All concur.