Charles David HELPENSTINE,
Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

William James KIMBREW, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

May 23, 1978.

On April 9, 1976, during business hours three men entered the Snodgrass Distributing Company in Bellevue, Kentucky, and, at the point of a pistol, forced the employees to give them the money that had been taken in on the prior day. This was approximately $18,000. In addition, one of the employees was forced to give the robbers her jewelry.

■ The appellant Helpenstine argues six assignments of error and Kimbrew joins in five of them. First, the appellants argue that their convictions cannot stand since the Commonwealth failed to prove beyond a reasonable doubt that they were armed with a deadly weapon. It is undisputed that the Commonwealth produced no evidence at trial that the pistol used in the criminal offense was operable. However, the Commonwealth introduced sufficient evidence to prove beyond a reasonable doubt that the appellants were armed with a pistol. This is all that was necessary.

In *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219 (1977), we reaffirmed our prior holdings that any object can be a deadly weapon if intended by its user to convince a victim that it is a deadly weapon and if the victim is in fact convinced. *Merritt v. Commonwealth*, Ky., 386 S.W.2d 727 (1965).

The facts in the case at bar, as gleaned from the record, were sufficient to justify a belief beyond a reasonable doubt that the standard enunciated in *Merritt*, and reiterated in *Kennedy*, was met. Whether the handgun was operable is not relevant.

■ Secondly, the appellants assert that by applying KRS 515.020(1)(b) and the rule enunciated in *Kennedy v. Commonwealth*, supra, to this case, the trial court in effect subjected the appellants to an ex post facto application of the law.

The offense occurred in April, 1976, but the final decision in *Kennedy* was not rendered until January 14, 1977. The appellants thus reach the conclusion that *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), prohibits their conviction. In *Bouie* the United States Su-

Jack E. Farley, Public Defender, Kevin Michael McNally, Asst. Public Defender, Frankfort, for appellant Helpenstine.

Jack E. Farley, Public Defender, William M. Radigan, Asst. Public Defender, Frankfort, for appellant Kimbrew.

Robert F. Stephens, Atty. Gen., Carl T. Miller, Jr., Asst. Atty. Gen., Frankfort, for appellee.

STERNBERG, Justice.

After a two-day jury trial in the Campbell Circuit Court, the appellants, Charles David Helpenstine and William James Kimbrew, were each found guilty of two charges of first-degree robbery. KRS 515.-020(1)(b). Each was sentenced to serve ten years in the penitentiary on each offense. The circuit judge entered judgment finding the appellants guilty, committed them to the penitentiary, and ordered each sentence to run consecutively. Both Helpenstine and Kimbrew have appealed to this court. Their appeals have been considered together and, by reason of the identical issues, both appeals will be disposed of in one opinion.

preme Court held that "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law." In *Kennedy* we determined that a pistol is a deadly weapon under the terms and provisions of the Penal Code, the same as it had been prior to the adoption of the Penal Code. Thus the holding in *Kennedy* was neither unforeseeable nor was it an enlargement of the statute. Quite the contrary, *Kennedy* was predictable in light of our decision in *Merritt*, and we do not consider either opinion to be a judicial enlargement of the statute. The conclusion is inescapable that the appellants' convictions are in keeping with the principles of due process.

■ Next, the appellants contend that the trial court impliedly ruled as a matter of law that an essential element of the charged crime had been proven beyond a reasonable doubt. The sum and substance of this argument is that the trial court instructed the jury that the appellants could be found guilty of robbery in the first degree if, among other things, they "threatened the immediate use of physical force upon Jack Snodgrass by pointing a pistol at him."

In *Hicks v. Commonwealth*, Ky., 550 S.W.2d 480 (1977), we said:

"* * * There was no evidence that the instrument alleged to have been used was anything other than a pistol, which by statutory definition is a deadly weapon. It should never be necessary in the instructions to define the words, 'deadly weapon.' Whether the particular instrument is or is not a deadly weapon should be determined by the court as a matter of law. * * *"

A pistol is a deadly weapon, hence, this instruction was correct. *Kennedy v. Commonwealth*, supra; *Hicks v. Commonwealth*, supra; and *Merritt v. Commonwealth*, supra. The jury could have disbelieved the testimony that the appellants were armed with a pistol. Likewise, it could have determined that the appellants played no role in the commission of the criminal offenses. If the jury had reached

either of these conclusions, it would have returned a verdict acquitting the appellants of first-degree robbery. The contention of appellants that the trial court invaded the province of the jury is erroneous.

The appellants claim that the trial court's instructions as to the pistol shifted the burden of proof to them on an essential element of the crime. If this contention is true, of course the conviction would be erroneous in light of the Fourteenth Amendment to the Constitution of the United States. However, the burden of proof did not shift to the appellants on that element of the crime. It is an elementary principle of criminal law that the Commonwealth must sustain the burden of proving beyond a reasonable doubt each element of the crime charged. The Commonwealth met this burden, and the instructions were correct.

■ The appellants complain of comments made by the Commonwealth's Attorney in his closing argument. A commonwealth's attorney is within the bounds of propriety when he draws reasonable inferences from the evidence and makes reasonable comments upon the evidence. The argument made by counsel for the Commonwealth was within the range of permissibility. In any event, no objection was made to any of the statements made by the Commonwealth's Attorney in his closing argument. Consequently, even though argumentatively the Commonwealth's Attorney may have wandered outside proper argument, the question has not been preserved for appellate review. *Trimble v. Commonwealth*, Ky., 447 S.W.2d 348 (1969). We will not consider this issue.

■ The remaining issue is the contention of appellant Helpenstine that he was entitled to a directed verdict of acquittal. Helpenstine did not make a motion for a directed verdict at the conclusion of all of the evidence. Thus, the trial court was not afforded an opportunity to pass on the sufficiency of the evidence as it stood submitted to the jury. It is not preserved for appellate review. *Kimbrough v. Common-*

*wealth*, Ky., 550 S.W.2d 525 (1977). Helpenstine questions the propriety of our holding that a motion for a directed verdict of acquittal must be made at the closing of all of the evidence in order to preserve the question for appellate review. This question has been answered recently by this court in *Scruggs v. Commonwealth*, 566 S.W.2d 405 (1978).

The judgments are affirmed.

All concur.