**COMMONWEALTH of Kentucky, Appellant,**

v.

**Bobby G. HAMMOND, Appellee.**

Court of Appeals of Kentucky.

May 28, 1982.

Steven L. Beshear, Atty. Gen., Frankfort, Steven D. Stewart, Sp. Asst. Atty. Gen., Louisville, for appellant.

Robert Haddad, Louisville, for appellee.

Before HOWARD, LESTER and WHITE, JJ.

HOWARD, Judge.

This is an appeal for a certification of law from an adverse ruling in a criminal trial wherein the circuit court rejected the second-degree assault instruction tendered by the Commonwealth.

An agreed statement of the case was jointly prepared by counsel for both parties and was approved by the trial court pursuant to CR 75.15. The agreed statement indicates trial for first-degree assault was held on September 17, 1981, and the following evidence was established:

On January 12, 1980, the victim, William Ready, and the defendant, Bobby Hammond, were playing cards at the home of the victim with four or five acquaintances. A dispute arose between one of those acquaintances, Albert Goldsmith, and the defendant. When Mr. Goldsmith left the game and went out the front door to leave, the defendant exited the side door, pulled a .38 caliber pistol, and fired one shot in the general direction of Mr. Goldsmith's car as

he was leaving. The wife of the victim followed the defendant out the side door, told the defendant he would have to leave, and an argument followed. The victim then came outside, told his wife to get back in the house, and an argument arose between the victim and the defendant. The defendant again pulled his gun and fired two shots at close range, one entering the victim's abdomen and lodging near his spine. The defendant then left the scene and was arrested later that evening at his home.

Other testimony and the victim's medical records indicated the victim underwent several operations and is now unable to walk without the aid of crutches or urinate without the aid of a catheter, all as a result of the shooting. The testimony of defendant and his son indicated the victim might have instigated the altercation, but the uncontroverted evidence established defendant did shoot the victim with a pistol.

At the close of the evidence the trial court rejected the tendered instructions of the Commonwealth after hearing argument on the matter and submitted to the jury instructions on first-degree assault, second-degree assault, third-degree assault, and assault under extreme emotional disturbance. After nearly seven hours of deliberation, the jury found the defendant guilty of second-degree assault under Instruction No. II and fixed his punishment at five (5) years.

On September 22, 1981, the defendant filed a motion for a new trial with the trial court. On October 8, 1981, the trial court overruled the defendant's motion for a new trial and sentenced him in accordance with the jury verdict.

It is the Commonwealth's opinion that the trial court's instruction for second-degree assault was erroneous in that it authorized that verdict under facts not required for a second-degree assault conviction and, in fact, was equivalent to first-degree assault instructions.

The Commonwealth objected to the tendered instruction on second-degree assault on the grounds that it stated elements identical to those given in the instruction on first-degree assault. K.R.S. 508.010 states, in pertinent part:

(1) A person is guilty of assault in the first-degree when:

(a) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(b) Under circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person . . . .

K.R.S. 508.020 states, in pertinent part:

(1) A person is guilty of assault in the second degree when:

(a) He intentionally causes serious physical injury to another person; or

(b) He intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(c) He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . .

■ There are three elements which comprise the crimes of assault: the assailant's mental state, the means of attack, and the resultant injury. Instruction No. I in the instant case allowed the jury to find defendant guilty of first-degree assault upon a finding that: (a) defendant inflicted physical injury upon the victim by shooting him with a pistol; (b) the injury was a serious physical injury; and (c) defendant intended to cause serious physical injury to the victim. This comports with the requirements of K.R.S. 508.010(1)(a).

However, Instruction No. II sets out the elements of second-degree assault and states, in pertinent part:

(a) That . . . [defendant] inflicted physical injury upon William Ready by shooting him with a pistol;

AND

(b) That the injury:

■ Was a serious physical injury and was caused intentionally by the defendant

. . . .

Thus, all three elements of first-degree assault, i.e., intent, deadly weapon and serious physical injury are contained also in the second-degree assault instruction.

■ There may be some question as to whether a pistol is a deadly weapon as a matter of law. However, the question of whether a particular instrument is a deadly weapon should be determined by the Court as a matter of law. *Hicks v. Commonwealth*, Ky., 550 S.W.2d 480 (1977). In order for the aforementioned instruction on first-degree assault to comply with 508.-010(1)(a), the trial court must have determined the pistol was a deadly weapon. Such a determination would carry over to Instruction No. II, and make the elements of the two offenses identical.

Had the trial court deleted the words "by shooting him with a pistol" from paragraph (a) of Instruction No. II, the instruction would permit a guilty verdict for second-degree assault upon a finding of intent and serious physical injury, thus complying with K.R.S. 508.020(1)(a). However, since the evidence showed the injury was caused by a gunshot wound, such an instruction would not reflect the evidence introduced at trial.

■ The circuit court should have adopted the Commonwealth's tendered Instruction No. II which permitted a guilty verdict on second-degree assault upon a finding that the defendant intentionally shot the victim with a pistol, resulting in nonserious physical injury; or that defendant wantonly shot the victim with a pistol, resulting in serious physical injury. This instruction complies with K.R.S. 508.020(1)(b) and (c).

Therefore, the law is so certified to avoid future error.

All concur.