**Dale E. WYATT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 86–CA–2628–MR.**

Court of Appeals of Kentucky.

Aug. 28, 1987.

Rehearing Denied Oct. 30, 1987.

Teddy B. Gordon, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Mark Wintersheimer, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, C.J., COOPER and HOWARD, JJ.

HOWERTON, Chief Judge.

Dale E. Wyatt appeals from a decision of the Jefferson Circuit Court which entered judgment pursuant to a jury verdict finding him guilty of third-degree assault, second-degree wanton endangerment, and resisting arrest. We reverse and remand.

On July 27, 1984, Wyatt, while driving his automobile, swerved to avoid striking a bicyclist and ran his car off the road and struck a house. A policeman approached the vehicle and attempted to turn off the engine. Wyatt pulled the vehicle away from the house, striking the officer with his car, and then pulled back onto the highway. The officer returned to his vehicle and gave chase. Another officer pulled out in front of Wyatt, providing a moving roadblock. After Wyatt was stopped, he proceeded to resist arrest.

At trial, Wyatt testified that he did not recall any of the events which transpired from the moment that his vehicle struck the house. The jury returned a verdict, finding Wyatt guilty of third-degree assault, second-degree wanton endangerment and resisting arrest. Wyatt then entered a plea of guilty to being a persistent felony offender in the second degree, thus enhancing his term of imprisonment to a maximum of five years. From that decision, Wyatt appeals.

First, Wyatt argues that the court erred in failing to grant his motion for a directed verdict. He argues that since there was no evidence to indicate that he was ever placed under arrest, the evidence was insufficient to prove that he resisted arrest. As to the wanton endangerment charge, Wyatt argues that there was no direct testimony from any of the pedestrians and/or other drivers of the motor vehicles who were allegedly forced off the road during the chase. Finally, since a vehicle is not a dangerous instrument as a matter of law, the third-degree assault charge should have been dismissed.

We disagree. Officer Hamilton testified that when he approached Wyatt's vehicle, he told him to turn off his engine. When Wyatt failed to comply with this request, Officer Hamilton attempted to turn off the engine. Wyatt immediately put the car in reverse and began to back up, striking Officer Hamilton in the process. Wyatt failed to stop his car when so instructed and failed to pull his car over while being chased by a police officer. His vehicle had to be stopped by a moving roadblock. There was also testimony that Wyatt swerved from side-to-side on the road, forcing pedestrians and other vehicles off the road and endangering their lives. This testimony is sufficient to submit the case to a jury on both the wanton endangerment and resisting arrest charges. Furthermore, it is clear that a vehicle may be used in such a manner as to constitute a dangerous instrument. Accordingly, we find no error by the trial court in denying Wyatt's motion for a directed verdict.

Wyatt further contends that the instructions on third-degree assault and resisting arrest placed him in double jeopardy. We disagree. The elements to assault and resisting arrest are not the same. Wyatt was guilty of third-degree assault when his car struck the police officer. He was guilty of resisting arrest when he proceeded to fight the officers after they had stopped him with the moving roadblock and were attempting to arrest him. Each offense required the proof of different facts, and we find no double jeopardy. *McClain*

*v. Commonwealth,* Ky., 607 S.W.2d 421 (1980).

Wyatt also alleges that KRS 508.025 is unconstitutional because it removes any degree of culpable mental state, and when coupled with KRS 508.040, it fails to allow the defendant any mitigation for the offense due to an extreme emotional disturbance. KRS 508.025 states:

(1) A person is guilty of assault in the third degree when with recklessness he causes or attempts to cause physical injury to a state, county, city, or federal peace officer or probation and parole officer by means of a deadly weapon or a dangerous instrument.

KRS 508.040 allows mitigation for those offenses involving intentional conduct as described under KRS 508.010, 508.020, or 508.030 (first-, second-, and fourth-degree assault). It is clear that the legislature in enacting KRS 508.025, coupled with 508.040, did not intend to allow for mitigation for assaulting a peace officer while under extreme emotional disturbance. In enacting these statutes, the legislature was seeking to protect those individuals who serve this Commonwealth in law enforcement capacities.

Finally, Wyatt argues that the court erred in failing to instruct the jury on his culpable mental state. We agree. Wyatt presented evidence that he was basically unconscious during this episode. Although extreme emotional disturbance may not mitigate a reckless assault on a policeman, even recklessness requires some intent. If there was insufficient mental capacity or no intent, there could be no violation of KRS 508.025, or any other offense requiring intent. Wyatt tendered instructions allowing the jury to find him not guilty, if they believed that at the time he committed the acts he lacked the requisite intent and mental capacity. The tendered instruction stated:

B. The law presumes every man to be of sound mind until the contrary is shown by the evidence; and, before the defendant can be excused on the grounds of lack of intent and mental incapacity, the jury must believe from the evidence

that the Defendant was, at the time of the acts referred to, without sufficient reason to know what he was doing or had insufficient reason to know right from wrong.

Under the instructions given by the court to the jury, if the jurors believed that Wyatt had committed the alleged acts while suffering from an epileptic seizure and being unaware of his actions, they nevertheless had to find Wyatt guilty. In *Gray v. Commonwealth*, 247 Ky. 282, 57 S.W.2d 6 (1933), the defendant was convicted of voluntary manslaughter arising from the death of a person struck by a thrown rock. The defendant testified that when he arrived at the scene, something struck him on the back of the head, rendering him unconscious, and that he knew nothing more of what transpired until he started for home. The court reversed for a new trial on other grounds. However, the court in addressing the issue of jury instructions determined that if the jury believed that the defendant was unconscious of his act, they should find him not guilty. The court stated:

> We would not be inclined to reverse the judgment on this ground alone, since under the instructions which it appears were given, the jury was not authorized to find appellant guilty, unless they believed he acted willfully in throwing the rock that struck and killed deceased, and they could not have found he so acted if they believed his condition of mind at the time was such as to render him unconscious of what he was doing. However, as there must be a reversal for other reasons, the court should on another trial, if the evidence on this question is practically the same, give an instruction in effect that, although the jury may believe from the evidence that appellant threw the rock that struck and killed Stanford Watson, yet if they further believe from the evidence that, at the time he did so, he was, as the result of a blow on his head, unconscious of his act, or that his mind was thereby so impaired and unsound that he did not have sufficient reason to know what he was doing,

or to know right from wrong, they should find him not guilty.

*Gray*, at 286, 57 S.W.2d 6.

It seems clear from the *Gray* court's reasoning that it could have reversed on the issue of the jury instruction alone. We find this persuasive in the present case. "It is a well-recognized principle of criminal law that, if a person is unconscious at the time he commits a criminal act, he can not be held responsible." *Smith v. Commonwealth*, Ky., 268 S.W.2d 937, 938 (1954), citing *Fain v. Commonwealth*, 78 Ky. 183, 39 Am.Rep. 213 (1879). Under the instructions given by the court, the jury would have had to have found Wyatt guilty of the charges without regard to whether he was conscious of his acts. We find this unconscionable. If on retrial the evidence is practically the same, the court should submit to the jury an instruction, whereas the jurors may find Wyatt not guilty, if they believe from the evidence that he was indeed unconscious of his acts.

Accordingly, we reverse and remand this case to the Jefferson Circuit Court for a retrial consistent with this opinion.

All concur.