Ronald Clark SHEPHERD, Appellant,

v.

SUBURBAN MOTOR FREIGHT, INC.; Rodney Ball, Individually, and d/b/a Fireball Express; and, Dwight David Ball, Appellees.

No. 88-CA-391-MR.

Court of Appeals of Kentucky.

Aug. 4, 1989.

Discretionary Review Denied
by Supreme Court
Dec. 13, 1989.

Brett Butler, Louisville, for appellant.

Armer H. Mahan, Jr., Gene F. Zipperle, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, for appellees.

Before DYCHE, REYNOLDS and WEST, JJ.

WEST, Judge.

This is an appeal from an order granting summary judgment in favor of the appellees in appellant's action pursuant to KRS 411.150. That statute allows a child under the age of eighteen (18) to bring an action against a person who by "careless, wanton, or malicious use of a deadly weapon" causes the death of the child's parent.

The appellant, Ronald Clark Shepherd, is the minor son of Jane Shepherd Purcell. Mrs. Purcell was killed in a motor vehicle collision when her automobile struck a tractor trailer stopped in either one (1) or both of the right lanes of traffic of I-64. The accident occurred around 2:00 A.M. The evidence established that the appellee/driver ran out of fuel, stopped his tractor trailer in the lane of traffic without using any reflectors, and was intoxicated at the time of the collision. The narrow issue to be determined in this appeal is whether or not a motor vehicle can be considered a deadly weapon under KRS 411.150. The trial court held that KRS 411.150 was not applicable under the facts of this case. We agree and affirm.

Appellant argues that when the weapon is of such character that it depends upon the manner and circumstances of its use, the question of whether it is deadly or not is one of fact for the jury. *Jones v. Commonwealth,* Ky., 256 S.W.2d 520 (1953); *Owens v. Commonwealth,* 187 Ky. 207, 218 S.W. 719 (1920). He argues that the vehicle herein could be considered a deadly weapon based upon either the fact that a stopped tractor trailer on an interstate highway is deadly or because any motor vehicle operated by a person under the influence of intoxicants is a deadly weapon. Appellees contend that whether a particular instrument is or is not a deadly weapon should be determined by the court as a matter of law. *Hicks v. Commonwealth,* Ky., 550 S.W.2d 480 (1977).

As appellees point out, the term "deadly weapon" is now defined in the Penal Code at KRS 500.080(4). The cases cited by the appellant were rendered prior to the adoption of the Penal Code when such definitions were of necessity based upon the common law. Appellant argues that the definition set forth in KRS 500.-080(4) is not all inclusive, is intended to be used only in relation to crimes and is not applicable to a civil action pursuant to KRS 411.150. We agree that the list of "weapons" in the statute is not meant to be all inclusive. However, the definitions within the Penal Code are certainly persuasive authority in defining such terms even outside of the criminal law. KRS 500.080(4) defines deadly weapon primarily by use of

examples such as knives, clubs, guns, and karate sticks. The preceding subsection, KRS 500.080(3), defines a "dangerous instrument" as any "instrument, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury." The definition which appellant would have this Court *adopt* for "deadly weapon" more accurately fits within a dangerous instrument as that term has already been defined in this state.

Indeed, this Court has recently recognized that a vehicle may be used in such a manner as to constitute a dangerous instrument. *Wyatt v. Commonwealth,* Ky. App., 738 S.W.2d 832 (1987). However, while a deadly weapon ordinarily is a dangerous instrument, not every dangerous instrument is a deadly weapon. *Whorton v. Commonwealth,* Ky., 570 S.W.2d 627 (1978).

In the case at bar, we must simply determine whether a civil cause of action exists under KRS 411.150. That statute does not require an intentional act, but rather "careless, wanton, or malicious" use of a deadly weapon will suffice. Nevertheless, from an historical perspective, the predecessor to KRS 411.150 created an action for death of a parent killed by careless, wanton, or malicious use of *firearms* only. Ky.Stat. § 4; *Casey v. Fidelity & Casualty Co. of N.Y.,* 278 Ky. 426, 128 S.W.2d 939 (1939); *Well's Adm'r. v. Lewis,* 213 Ky. 846, 281 S.W. 996 (1926). The statute originated in 1856 as part of an act to prohibit the sale and use of firearms. *Sturgeon v. Baker,* 312 Ky. 338, 227 S.W.2d 202 (1950). It has routinely been considered in conjunction with KRS 411.130 (formerly Ky.Stat. § 6) the general statute creating a civil cause of action for wrongful death. *Well's Adm'r, supra.*

Our courts and legislature have recognized that a motor vehicle with an intoxicated person behind the wheel can be as dangerous as a person with a firearm. This is evident in the aforementioned murder statute, KRS 507.020, as well as in cases imposing civil liability upon tavern operators for furnishing intoxicants to a person under the influence. *Grayson Frat. Order of Eagles v. Claywell,* Ky., 736 S.W.2d 328 (1987).

However, neither the legislature nor the Supreme Court has gone so far as to state that a motor vehicle is a deadly weapon and in light of the history and purpose of KRS 411.150, we are not inclined to do so either.

Accordingly, the judgment is affirmed.

All concur.