/s/ Robert F. Stephens
ROBERT F. STEPHENS,
Chief Justice

Robert MARTIN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 92–CA–002894–MR.

Court of Appeals of Kentucky.

Dec. 3, 1993.

Case Ordered Published by
Court of Appeals April 15, 1994.

P. Joseph Clarke Jr., Clarke & Clarke, Danville, for appellant.

Chris Gorman, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, C.J., and HOWERTON and HUDDLESTON, JJ.

*OPINION*

LESTER, Chief Judge.

This is an appeal from a judgment entered upon a plea of guilty to two counts of first-degree assault and three counts of fourth-degree assault, but reserving for review, pursuant to RCr 8.09, the issue of whether KRS Chapter 508 was intended to include vehicular accidents within the meaning of "assaults."

Robert Martin was charged as aforesaid and he filed a motion to dismiss raising a legal issue, and a hearing was held of which we do not have a transcript. A factual statement is set forth in appellant's brief which the appellee apparently accepts, so we will quote therefrom as follows:

> On April 9, 1992, at about 8:44 P.M., Robert Martin, appellant, was driving a pickup truck south on U.S. Highway 127 north of Harrodsburg in Mercer County, KY. As he approached a narrowing of the road from four lanes to two lanes, Robert stated he dropped his cigarette and in trying to retrieve it he drove over into the oncoming single lane and struck a 1986 Chevrolet with five occupants. All five passengers suffered injuries. Robert himself was severely injured. His blood alcohol level was 0.22 percent.

All of the charges leveled against appellant fall within the purview of KRS Chapter 508. His basic argument is that the 1984 General Assembly, in its efforts to strengthen the statutes prohibiting driving under the influ-

ence of intoxicants, enacted new sections of KRS chapter 189A while amending numerous sections of KRS Chapters 27A, 186, 189, 208, 431 and 507, the last of which pertained to homicide. Martin's position is that the legislature's failure to revise Chapter 508 dealing with assaults meant that it did not intend to bring the latter offenses within the scope of the laws relating to operating a motor vehicle while under a toxic influence. Citing *Commonwealth v. Hammond,* Ky.App., 633 S.W.2d 73 (1982), appellant maintains that he lacked the mental state to inflict upon anyone a serious physical injury nor did he employ a dangerous instrumentality namely, the vehicle, in causing the accident. His theory is that he was merely distracted from operating his truck by attempting to retrieve his cigarette and thus could not have had a mental state of intending to inflict injuries.

■ We are unable to agree with Martin that an automobile cannot be considered a dangerous instrumentality for we pointed out in *Wyatt v. Commonwealth,* Ky.App., 738 S.W.2d 832, 834 (1987), that:

> ..., it is clear that a vehicle may be used in such a manner as to constitute a dangerous instrument.

We again reiterated this view in *Shepherd v. Suburban Motor Freight, Inc.,* Ky.App., 780 S.W.2d 633, 635 (1989), and it should be noted that discretionary review was denied in both cases.

■ We now turn to the issue of legislative intent. Appellant pled guilty to offenses proscribed by the following statutes:

KRS 508.010

(1) A person is guilty of assault in the first degree when:

(a) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(b) Under circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person.

(2) Assault in the first degree is a Class B felony.

and

KRS 508.030

(1) A person is guilty of assault in the fourth degree when:

(a) He intentionally or wantonly causes physical injury to another person; or

(b) With recklessness he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

(2) Assault in the fourth degree is a Class A misdemeanor.

As appellant points out, the General Assembly did not include in the assault statutes the language contained in the murder (KRS 507.-020) provision regarding the operation of a vehicle. KRS 507.020 provides that nothing contained in the section would constitute a defense to manslaughter in the first degree or "any other crime",

> Including, but not limited to, the operation of a motor vehicle under circumstances manifesting extreme indifference to human life, he wantonly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person. KRS 507.020(b).

On the other hand, it is not inconceivable that "any other crime" could include assault in the first degree.

Appellee relies heavily upon *Hamilton v. Commonwealth,* Ky., 560 S.W.2d 539 (1977), wherein that appellant had been convicted of murder when he killed another driver while operating a motor vehicle while under the influence of alcohol. The statute under which Hamilton was charged was remarkably similar to KRS 508.010(1)(b), involved in the case at bench, in that it provided:

> A person is guilty of murder when: (b) Under circumstances manifesting extreme indifference to human life, he wantonly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person.

After reviewing the legislative evolution of our several types of homicide statutes, the court concluded that:

> This is a "hurry-up" world of people on the go, with heavy traffic by high-powered vehicles on all types of roads and at all times of the day or night. Such a situation

coupled with a driver's inclination to take "one or more [drinks] for the road," increases the vehicular death rate on the highways of this Commonwealth. A majority of the members of this court is of the opinion that the legislature enacted KRS 507.020(1)(b) to deter such conduct. The legislature is commended for taking a giant step forward. Its action in enacting this statute will do much to decrease vehicular highway deaths by persons operating an automobile while under the influence of intoxicants.

*Hamilton* at 543–44. The Hamilton court placed great emphasis upon the legislative inclusion of the element of wantonness in its enactment. Noteworthy is the fact that in neither the Hamilton statute nor the assault provision before us is there any reference to the use of alcoholic beverages nor the operation of a motor vehicle. The only difference in these two cases is that in the earlier appeal there was a loss of life and in the one presently before us there is serious physical injury. We see no reason why the logic of *Hamilton* should not apply here.

As to Martin's mental state, we consider KRS 501.020(3) to be dispositive of this element when it provides:

> 'Wantonly'—A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

The judgment is affirmed and the circuit court is authorized to take such further steps as are necessary.

All concur.