**Charles Robert SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 25, 1980.

Rehearing Denied Feb. 17, 1981.

Frank W. Heft, Jr., Chief Appellate Defender, Daniel T. Goyette, Deputy Public Defender, Lynne Osterholt, Asst. Dist. Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Appellant, Charles Robert Smith, was convicted of murder and received a life sentence. In addition, he was convicted of two counts of second–degree assault for which he received two 5–year sentences and three counts of unlawful imprisonment for which he received an additional three years. The sentences on the assault and unlawful imprisonment convictions were ordered to run concurrently with the life sentence.

On April 8, 1978, appellant's wife, her two sons, and Robert Botto and his children spent the day at a local park. This outing lasted longer than planned, which upset appellant. Upon his wife's return an argument began, which culminated in Mrs. Smith's taking the children and spending the night at the Botto residence. The next morning appellant went to the house to retrieve his family and discovered his wife nude in Botto's bedroom. Needless to say, another argument ensued and the police were called to quell the disturbance. Appellant told one of the officers that he was going to get a gun and that "Botto was a walking dead man." This confrontation ended without incident, and the situation remained tranquil for a week or so.

On April 18 Mrs. Smith, her son, Botto's daughter, Kathy, and her sister unwisely went to the Smith residence to visit and to pick up some mail. Appellant, still angered by his wife's refusal to come home, met the group at the door with a pistol. He hit his wife with the butt of the gun and tied Mrs. Smith's hands and dragged her into the bedroom. At trial appellant's wife testified that he threw her down on the bed and tore off her clothes. He went into the kitchen and returned with a carrot. He forced the carrot into his wife's rectum and then inserted it into her vagina. She pleaded for him to stop and Kathy testified that she heard Mrs. Smith scream, "Stop, please don't do it." Following this act appellant assumed almost a Dr. Jeckyl–Mr. Hyde personality. He quickly apologized to the women, untied them, and drove the group back to Botto's house.

Mrs. Smith again visited her husband three days later. On this occasion she was accompanied by Robert Botto. Appellant greeted them at the door once again with the pistol. He forced the pair into the bedroom and made his wife tie Botto's hands behind his back with a piece of wire. He then showed Botto some nude pictures of his wife in order to "make him [Botto] sick and make him think that she was no good or something." When Botto attempted to get up and leave, appellant pulled the trigger and Botto was killed instantly.

After the shooting appellant, confused and afraid hid his wife's car. Mrs. Smith testified that at this point he removed her clothing and rubbed mineral oil and warm water over her genital area. He then repeated the act of penetrating his wife both anally and vaginally with the carrot while Botto's corpse was still in the adjoining room. Appellant spent the next several hours calmly talking with his wife and attempting sexual intercourse with her. The following day he surrendered to police.

 Appellant first argues that his convictions based on the two counts of second–degree assault should be reversed on the grounds of insufficient evidence. These convictions arose from the two acts with

the carrot. A person is guilty of assault in the second degree when he intentionally causes physical injury by means of a deadly weapon or dangerous instrument. KRS 508.020. Appellant contends that the evidence of physical injury to Mrs. Smith was insufficient to justify the convictions.

Mrs. Smith testified that both incidents with the carrot caused her pain during and after she had been penetrated. She pleaded with her husband to stop because it hurt. As previously stated, Kathy Botto heard Mrs. Smith scream, "Stop, please don't do it." during the assault on April 18.

Even more convincing is the testimony of Dr. Charlotte Williams. Dr. Williams examined Mrs. Smith on April 27 and found swelling, vaginal abrasions, dried blood and slight bleeding. This medical report taken in conjunction with Mrs. Smith's testimony indicates physical injury. In this respect the jury properly found that appellant's wife suffered physical injury as a result of her ordeal.

Appellant also argues that he cannot be convicted of both assault and unlawful imprisonment. The unlawful imprisonment convictions arise from the fact that he tied his wife's hands and otherwise restricted her movement while assaulting her with the carrot. The exemption statute, KRS 509.050, upon which appellant relies provides:

A person may not be convicted of unlawful imprisonment in the first degree . . . when his criminal purpose is the commission of an offense defined outside this chapter and his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, unless the interference exceeds that which is ordinarily incident to commission of the offense which is the objective of his criminal purpose.

Thus, the statute sets up a "three hoop" test which must be met before the exemption provision will apply. First, it must be determined whether the appellant's criminal purpose was the commission of a criminal offense defined outside chapter 509.

Secondly, it must be determined whether the interference with liberty occurred with and incidental to the commission of that offense. Finally, a determination must be made whether such interference was of the type normally incidental to the commission of that offense. *Griffin v. Commonwealth*, Ky., 576 S.W.2d 514 (1978). We have construed the exemption statute strictly and this court adheres to the position that any restraint on a victim which is tantamount to an unlawful imprisonment must be close in distance and brief in time in order for the exemption to apply. *Timmons v. Commonwealth*, Ky., 555 S.W.2d 234 (1977).

We think that appellant has satisfied the "three hoop" test of KRS 509.050. Obviously his main objective on the two dates in question was to assault his wife with the carrot. Assault is an offense not covered in chapter 509. The process of tying her hands and forcing her into an adjoining room was incidental to the commission of the assaults and did not exceed the force necessary to accomplish these sickening acts. In addition, his actions in restraining his wife occurred closely in time and distance to the assaults. In this respect the exemption statute should apply in this case.

To the extent that the judgment in this proceeding finds the appellant guilty of two counts of unlawful imprisonment against his wife, it is reversed with directions that these charges be dismissed. In all other respects the judgment is affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.