**COMMONWEALTH of Kentucky, Appellant,**

v.

**Phillip J. POTTS, Appellee.**

**No. 93–SC–582–DG.**

Supreme Court of Kentucky.

Sept. 29, 1994.

J. David Niehaus, Deputy Appellate Defender of the Jefferson District Public Defender (Daniel T. Goyette, Jefferson Dist. Public Defender, of counsel), Louisville, for appellant.

Chris Gorman, Atty. Gen., Vickie L. Wise, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee. .

SPAIN, Justice.

Appellee, Phillip J. Potts, was sentenced to imprisonment for five years following his conviction by a Jefferson County jury for second-degree assault. Upon appeal, the Court of Appeals reversed and remanded in a 2–1 decision, based upon the trial court's refusal to instruct the jury on the lesser-included offense of fourth-degree assault, pursuant to the instruction tendered by Potts. Finding no error on the part of the trial court, we reverse the Court of Appeals and reinstate the judgment and sentence.

On June 13, 1991,[1] Phillip Potts went to his girlfriend's residence in Louisville and found her naked and in bed with another man. After the other man left, Potts assaulted the woman by hitting her in the face repeatedly with his fist, kicking her in the side while he was wearing steel-toed work shoes, hitting her over the head with a clock-radio and a lamp, beating her on the legs with a stick, and stabbing her in the thigh and pelvic/vaginal area with a pair of scissors. At his trial, Potts admitted all these acts, offering as his excuse only that he simply "lost it."

Upon examination at a hospital emergency room, the victim was found to have suffered two black eyes, a swollen and fractured cheek, lacerations to her scalp, bruises on her neck and abdomen, and puncture wounds to the left thigh and in the pelvic/vaginal area.

The appellee's trial in the Jefferson Circuit Court was held on February 12–14, 1992, at which time the jury was instructed on the offenses of second-degree assault and assault in the second degree under extreme emotional disturbance. The trial judge declined to give the appellee's tendered additional instructions on fourth-degree assault and assault in the fourth degree under extreme emotional disturbance. The appellee argued that the instructions on the said lesser-included offenses were warranted because the jury could find that the instruments used by the appellee to inflict injuries on the victim were not "dangerous instruments" as defined by statute. Trial Judge Edmund P. Karem responded in effect that classification of such items as "dangerous instruments" depended upon the circumstances under which the items were used.

The instruction on second-degree assault followed KRS 508.020 and was as follows:

You will find the defendant, PHILLIP JEROME POTTS, guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt, all of the following:

(a) That in Jefferson County, Kentucky, on or about the 13th day of June, 1991, he inflicted physical injury upon Joyce Purvis by means of a dangerous instrument;

(b) That he did so intentionally;

AND

(c) That the clock radio, the lamp, the steel toed shoes and/or the pair or scissors were dangerous instruments.

The trial court also defined "dangerous instrument" and "physical injury" as per KRS 500.080(3) and (13), to wit:

"Dangerous Instrument"—means any instrument, article or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be

---

1. The opinion of the Court of Appeals and both briefs filed in this Court mistakenly recite "January 13, 1991."

used, is readily capable of causing death or serious physical injury.

\*     \*     \*     \*     \*     \*

"Physical Injury"—means substantial physical pain or any impairment of physical condition.

Although the very terse opinion of the Court of Appeals contains virtually no discussion of the applicability of a fourth-degree assault instruction under the particular circumstances of this case, the brief in that court by Potts emphasizes that the victim did not in fact sustain serious physical injuries. Furthermore, the said opinion does mention that the victim's stab wounds required no sutures, implying that such a fact mitigated against guilt by Potts of second-degree assault and in favor of the lesser offense of fourth-degree assault.

■ We would observe in that connection, that nothing in the above-cited statute defining second-degree assault requires infliction of a *serious* physical injury when one intentionally injures another by means of a deadly weapon, or as in this case, by means of a dangerous instrument. The requirements of the statute under these circumstances are met when *any injury* results, as the words "impairment of physical condition" used in the KRS 500.080(13) definition, simply mean "injury." *Meredith v. Commonwealth,* Ky. App., 628 S.W.2d 887 (1982).

■ It is true that ordinarily the question of whether an instrument or object is a "dangerous instrument" is a question of fact for the jury to determine, depending upon the manner and circumstances in which it is used. As reflected by the statutory definition set out above, in order to be so classified, it must have been used, attempted to be used, or threatened to be used in a manner wherein it ". . . is readily capable of causing death or serious physical injury." If, however, it is undisputed from the evidence that the instrument employed on the occasion in question is one so capable and that it was in fact used or attempted or threatened to be used in such a manner, then the question becomes one of law for the court to determine. In such a situation, the "dangerous instrument" could be equated with a "deadly weapon," a partial list of which the General Assembly has set out in KRS 500.080, including firearms and knives other than an ordinary pocketknife or hunting knife. If a weapon is one of those so designated, then there is no need to define "deadly weapon" for the jury. The issue should be determined by the court as a matter of law. *Hicks v. Commonwealth,* Ky., 550 S.W.2d 480 (1977). Hence, a sawed-off double-barreled shotgun is a deadly weapon as a matter of law and does not present a jury issue in this regard. *Little v. Commonwealth,* Ky., 550 S.W.2d 492 (1977). It has even been held by this Court that an unloaded pistol with a broken firing pin is a "deadly weapon." *Kennedy v. Commonwealth,* Ky., 544 S.W.2d 219 (1976). Furthermore, the *Kennedy* opinion cites provisions of the commentary which accompanied the November 1971 final draft of the Kentucky Penal Code, which explained the scope of various sections of the code, and found that such commentary endorsed the pre-code case of *Merritt v. Commonwealth,* Ky., 386 S.W.2d 727 (1965). Thus, the *Merritt* case was said to be ". . . as viable now as it was prior to the adoption of the code." *Kennedy, supra,* at p. 221. In the said *Merritt* case, the defendant was convicted of armed robbery despite the fact that the "weapon" he used may have been a toy pistol.

Along this same vein, this Court held in *Jones v. Commonwealth,* Ky., 256 S.W.2d 520 (1953), that it was not error for a jury to determine that shoes constituted a "deadly weapon" when worn by a defendant and used to stomp and kick the victim, "in such a manner as may be reasonably calculated to produce great bodily injury or death."

In an even more bizarre case, an ordinary carrot was properly found by a jury to constitute a "dangerous instrument" when forcibly inserted by a defendant into his wife's rectum and vagina, causing physical injury. In *Smith v. Commonwealth,* Ky., 610 S.W.2d 602 (1980), this Court unanimously affirmed the defendant's conviction for two counts of second-degree assault [2] based upon such acts.

---

**2.** The defendant's further conviction of murder of a different victim was also affirmed.

This Court affirmed determinations by the juries in the *Jones* and *Smith* cases, *supra*, that ordinary shoes and something as seemingly innocuous as a carrot can indeed constitute "dangerous instruments." Can it be seriously contended that the trial judge erred in his determination in the present case that steel-toed work shoes and scissors were such dangerous instruments as a matter of law under the circumstances in which they were here used? We think not. In *Bowman v. Commonwealth*, Ky., 290 S.W.2d 814 (1956), the defendant's conviction for murder and his sentence of death were affirmed by this Court. The lethal weapon was a pair of scissors which the defendant stabbed into the victim's throat.

The decision of the Court of Appeals is reversed and the judgment and sentence of the Jefferson Circuit Court are affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents without opinion.