RENDERED: JANUARY 16, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0493-MR

TREVOR COLLINS                                          APPELLANT

v.
APPEAL FROM MASON CIRCUIT COURT
HONORABLE JEFFERY L. SCHUMACHER, JUDGE
ACTION NO. 23-CR-00041

COMMONWEALTH OF KENTUCKY                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, McNEILL, AND MOYNAHAN, JUDGES.

McNEILL, JUDGE: The underlying convictions in this case arise from an assault that occurred on January 14, 2023, at Tater's Bar—a local bar in Mason County, Kentucky. Appellant, Trevor Collins (Collins), is the assailant. The victim is Matthew Tyler Newman (Newman). Surveillance video recorded Collins enter and exit the bar on the night of the assault. Multiple witnesses identified Collins and Newman in the video. One witness testified that she observed Newman lying on the restroom floor covered in blood. Newman identified Collins as the assailant.

Photographic evidence was also introduced documenting Newman's injuries and damage to the restroom. The sum of the evidence presented at trial indicated that, while in the restroom, Collins beat Newman both with his fists and by throwing him into the tiled bathroom wall. Newman was rendered unconscious for hours and suffered serious and permanent injuries to his head, face, and eye.[1]

Collins was convicted of first-degree assault and second-degree criminal mischief. He was sentenced to fifteen years' imprisonment and fined $500.00. An agreed order for restitution was entered in the amount of $183,215.39. Collins appeals to this Court as a matter of right and raises two arguments. Both are unpreserved. He requests palpable error review pursuant to RCr[2] 10.26.

## STANDARD OF REVIEW

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

. . . .

---

[1] Although of minimal relevance to the present appeal, it appears that there was some friction between mutual acquaintances that might have influenced, if not instigated, the events herein.

[2] Kentucky Rules of Criminal Procedure.

> For an error to rise to the level of palpable, it must be easily perceptible, plain, obvious and readily noticeable. Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotation marks and citations omitted). With this general palpable error standard in mind, we turn to the record and law at issue.

## ANALYSIS

Collins raises the following arguments: 1) his constitutional right to a unanimous verdict was violated by the first-degree assault jury instructions and 2) the trial court erred by allowing the jury to consider first-degree assault with no proof of a dangerous instrument. Each will be discussed in turn.

### *Unanimity*

Collins contends that the first-degree assault jury instruction was not unanimous, and therefore reversal of his conviction is required. As summarized in *Johnson v. Commonwealth*:

> the Supreme Court of the United States made the Sixth Amendment's guarantee of a unanimous jury applicable to the states via the Fourteenth Amendment. That changed little in the way of Kentucky law since our own constitution also guarantees unanimous jury verdicts. Ky. Const. § 7.

676 S.W.3d 405, 411 (Ky. 2023), *reh'g denied* (Sep. 28, 2023). In *Johnson*, the Court overruled several of its previous unanimity cases and held that "[o]nly if, upon review, a court can conclude the error is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process, will reversal be warranted. It should be so egregious that it jumps off the page . . . and cries out for relief." *Johnson*, 676 S.W.3d at 417 (internal quotation marks and citations omitted).

The most recent case law from our Supreme Court further clarifies that "[a]pplying palpable error review to issues potentially invoking a juror unanimity issue requires first determining whether there has been an error in the jury instructions, then determining whether the error was palpable." *Sweet v. Commonwealth*, ___ S.W.3d ___, 2025 WL 2998577, at *3 (Ky. Oct. 23, 2025) (citing *Johnson*, 676 S.W.3d at 410). Thus, if there is an error, "our charge in the context of alleged palpable jury unanimity errors is to scrutinize the facts, weigh the evidence, and determine whether the error is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Behrens v. Commonwealth*, 677 S.W.3d 424, 432 (Ky. 2023) (internal quotation marks and citation omitted).

In the present case, Collins specifically takes issue with the first-degree assault jury instruction, which provided as follows:

-4-

You will find the Defendant guilty of Assault 1st Degree under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

That in this county on or about January 14, 2023, and before the finding of the indictment herein, the Defendant intentionally caused a serious physical injury to Matthew Tyler Newman by means of a *deadly weapon or a dangerous instrument*.

(Emphasis added.) This clearly mirrors the statutory requirements of first-degree assault under KRS[3] 508.010(1)(a). However, Collins asserts that no evidence of assault with a deadly weapon was introduced. The Commonwealth agrees in its brief on appeal, that "[n]either party referenced the 'deadly weapon' language in the instruction, and the term was not defined in the instructions. The 'deadly weapon' language was superfluous." Accordingly, the jury instruction at issue here included only the relevant portion of the statutory definition for dangerous instrument under KRS 500.080(3):

[A]ny instrument, including parts of the human body when a serious physical injury is a direct result of the use of that part of the human body, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury. "Dangerous instrument" may include a laser[.]

---

[3] Kentucky Revised Statutes.

-5-

For reasons provided in greater detail in the following analysis, there was sufficient evidence from which reasonable jurors could determine that Collins committed first-degree assault with a dangerous instrument. The inclusion of "deadly weapon" in the jury instructions simply mirrored the first-degree assault statute, was not a dispositive element of the Commonwealth's proof, and did not constitute error, palpable or otherwise.

***Sufficiency of the Evidence***

We agree with the Commonwealth that Collins' second issue on appeal is essentially an argument for an unpreserved motion for a directed verdict. Because this issue is unpreserved, we will only review for palpable error pursuant to RCr 10.26.

We will reverse the trial court's denial of a motion for directed verdict "if under the evidence as a whole, it would be *clearly unreasonable* for a jury to find guilt[.]" *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citing *Commonwealth v. Sawhill*, 660 S.W.2d 3 (Ky. 1983)) (emphasis added). When ruling on a directed verdict motion, the trial court must assume that the Commonwealth's evidence is true. *Benham*, 816 S.W.2d at 187. Our review is confined to the proof at trial and the statutory elements of the alleged offense. *See Lawton v. Commonwealth*, 354 S.W.3d 565, (Ky. 2011).

As previously stated, multiple witnesses in the present case testified about their observations surrounding the attack. The Commonwealth introduced testimonial and photographic evidence of the significant damage done to the site of the attack, *i.e.*, the Tater's men's restroom. This included damage to the restroom's tiled wall and fixtures. Multiple doctors testified as to the nature and seriousness of Newman's injuries. One ophthalmologist, a retina surgeon, who treated Newman testified that his eye injury was one of worst she had ever seen. In contrast, the only evidence presented by the defense was Collins' own testimony. Therein, he described an alternate description of events claiming that Newman was visibly intoxicated upon entering the restroom, stumbled, and fell into the toilet. Collins stated that he consumed eight or nine beers that day and explained that the swelling to his hands after the incident was the result of a previous "boxer fracture." Therefore, the jury was presented with two versions of events, and yet chose to convict.

And to the extent Collins now argues for the first time on appeal that a restroom wall cannot be a dangerous instrument, "[o]rdinarily, the question of whether an object is a 'dangerous instrument' is a jury determination . . . ." *Commonwealth v. McCombs*, 304 S.W.3d 676, 681 (Ky. 2009). In support of this proposition, we agree with the Commonwealth's citations to case law indicating that "whether an object is a dangerous instrument typically has little to do with the

object itself and more to do with how the object was used on a victim." *Exantus v. Commonwealth*, 612 S.W.3d 871, 887 (Ky. 2020) (finding a butter knife to be a dangerous instrument); *Smith v. Commonwealth*, 610 S.W.2d 602, 604 (Ky. 1980) (determining that a carrot was used as a dangerous instrument); *Commonwealth v. Potts*, 884 S.W.2d 654, 657 (Ky. 1994) (steel-toed shoes and scissors were determined to be dangerous instruments), overruled on other grounds by *Doneghy v. Commonwealth*, 410 S.W.3d 95 (Ky. 2013). *See also Oregon v. Hernandez*, 566 P.3d 677, 679 (Or. App. 2025) (wall as a "dangerous weapon"); and *New Mexico v. Montano*, 973 P.2d 861 (N.M. 1998) (concluding a brick wall can be a "deadly weapon" under New Mexico law based on its use). While not binding on this Court, the latter two cases are instructive. In any event, the evidence presented in the present case was sufficient to sustain the conviction for first-degree assault with a dangerous instrument. There was certainly no palpable error here.

## CONCLUSION

For the foregoing reasons, we AFFIRM Collins' sentence and conviction.

ALL CONCUR.

BRIEFS FOR APPELLANT:                BRIEF FOR APPELLEE:

Jennifer Wade                        Russell Coleman
Frankfort, Kentucky                  Attorney General of Kentucky

                                     Matthew R. Krygiel
                                     Assistant Attorney General
                                     Frankfort, Kentucky